UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AMRO INTERNATIONAL, S.A. et al.,

        Plaintiffs,

   -v-                                    No. 09 Civ. 4291 (LTS)

SEDONA CORP. et al.,

        Defendants.
-------------------------------------------------------x

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### MEMORANDUM OPINION AND ORDER

        Plaintiffs Amro International, S.A., Roseworth Group, Ltd., Cambois Finance, Inc., and Rhino Advisors, Inc. (collectively, "Plaintiffs" or the "Amro Parties") assert a claim for breach of contract against Sedona Corporation (the "Corporate Defendant") and nine former officers and directors of Sedona Corporation, Marco A. Emrich, Laurence L. Osterwise, R. Barry Borden, William K. Williams, Michael A. Mulshine, Jack Pellici, Robert M. Shapiro, James A. Womble, and James C. Sargent (the "Individual Defendants," collectively "Defendants"). Plaintiffs seek compensation for attorney's fees incurred in defending themselves in an action brought by the Corporate Defendant, on the grounds that the Corporate Defendant wrongfully asserted claims that it had allegedly released. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

        Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered thoroughly the parties' submissions. For the following reasons, Defendants' motion is denied with respect to the Corporate Defendant and is

granted with respect to the Individual Defendants.

## BACKGROUND

On February 14, 2002, Plaintiffs and the Corporate Defendant entered into a Settlement Agreement ("Settlement Agreement") to resolve the parties' dispute arising out of a Convertible Debentures and Warrants Purchase Agreement that they had previously executed. (Compl. ¶ 1, Ex. A.)  The Settlement Agreement provides:

> If either party shall commence a Proceeding to enforce any provision of this Agreement, then the prevailing party in such Proceeding shall be reimbursed by the other party for its attorneys [sic] fees and other costs and expenses incurred with the investigation, preparation, and prosecution of such Proceeding.

(Settlement Agreement, § 7(e).)  Earlier in the same clause, the capitalized term "Proceeding" is defined as follows:

> [A]ll legal proceedings concerning the interpretation, enforcement and defense of this Agreement and the transactions contemplated by this Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees, or agents) (each a **'Proceeding'**) . . .

(Settlement Agreement, § 7(e)(emphasis in original).)[1]  The Individual Defendants are not parties to the Settlement Agreement.

Plaintiffs executed release agreements with the Corporate Defendant and the Individual Defendants in their individual capacities ("Releases," Compl. Ex. B-D), concurrent with the execution of the Settlement Agreement.  The Settlement Agreement refers to the Releases as "a material inducement to the willingness of the parties to enter into [the Settlement Agreement] and

---

[1] This broad definition of the term "proceeding" accords with its generally accepted meaning.  See Black's Law Dictionary 1241 (8th ed. 2004) (defining "proceeding" as " . . . 2. Any procedural means for seeking redress from a tribunal or agency.  3. An act or step that is part of a larger action . . .")

the transactions contemplated hereby," and the Releases are annexed to the Settlement Agreement. (Settlement Agreement § 6.)   The Releases provide:

> Sedona Corporation and its officers and directors in their individual capacity (collectively, the "RELEASORS") . . . waive all claims, offsets, and defenses that they may have or have had against [Plaintiffs] and hereby release, forever discharge and agree to hold harmless [Plaintiffs] from and against all actions, causes of action, claims, suits, contracts, controversies, penalties, offsets, or damages, whether in law or equity, and whether known or unknown, that may have occurred prior to the date of this Release, including, but not limited to, those arising in connection with the Convertible Debentures and Warrants Purchase Agreement. . .

(Release 1.)  Both the Settlement Agreement and the Releases are governed by New York law. (Settlement Agreement § 7(e), Release 1.)

On May 5, 2003, the Corporate Defendant filed a complaint (the "Sedona Action") against Plaintiffs asserting various tort and contract claims, including securities fraud.  (Compl. ¶ 2.)  This Court ultimately dismissed the claims asserted in the Sedona Action against the Amro Parties on the grounds that they were precluded by the Releases, Sedona Corp. v. Ladenburg Thalmann & Co., No. 03 Civ. 3120, 2005 WL 1902780, *6 (S.D.N.Y. Aug. 9, 2005), and the Releases were valid and binding on the parties, Sedona Corp. v. Ladenburg Thalmann & Co., No. 03 Civ. 3120, 2009 WL 1492196, *2-3 (S.D.N.Y. May 27, 2009).  Plaintiffs assert that the Settlement Agreement and Releases render Defendants liable for their attorney's fees and costs incurred in defending themselves in the Sedona Action; Plaintiffs do not allege any other basis for damages in the Complaint other than litigation expenses.  (Compl. ¶¶ 3, 29-36.)

DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the

plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Although Defendants' memorandum of law makes a single reference to Federal Rule of Civil Procedure 9(b), Defendants have not attempted to demonstrate any basis for the application of the heightened pleading standard to Plaintiffs' breach of contract claim.  Plaintiffs' claim does not sound in fraud and, accordingly, the Court determines the sufficiency of Plaintiffs' complaint according to Federal Rule of Civil Procedure 8(a).  See Fed. R. Civ. P. 8(a), 9(b).  In adjudicating the motion, the Court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in [the complaint] by reference."  Rothman v. Gregor, 220 F.3d 81, 89 (2d Cir. 2000).

With respect to the pleading standards of Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949.  This plausibility standard does not amount to a "probability requirement," but it calls for more than a "sheer possibility that a defendant has acted unlawfully."  Id. (internal quotation marks and citation omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks and citation omitted).

*Plaintiffs' Claim Against the Corporate Defendant*

"Attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule."  Hooper Associates, Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491 (N.Y. 1989).  Plaintiffs argue that the Settlement Agreement provides the requisite authority with respect to the Corporate Defendant.  The Settlement Agreement provides that in any "Proceeding to enforce any provisions of this Agreement," the non-prevailing party is liable to the prevailing party for its

attorney's fees and other costs and expenses incurred.  "Proceeding" is defined broadly to include "legal proceedings concerning the interpretation, enforcement and defense of this Agreement." Plaintiffs' defense in the Sedona Action relied on the enforcement of the Releases annexed to the Settlement Agreement and therefore plausibly falls within the scope of the Settlement Agreement's prevailing party clause.[2]  Accordingly, Plaintiffs' assertion that the plain language of the Settlement Agreement renders the Corporate Defendant liable for their attorney's fees incurred in the Sedona Action states a plausible claim.[3]  See Hartford Fire Ins. Co. v. Novocargo USA Inc., 257 F. Supp. 2d 665, 675 (S.D.N.Y. 2003) ("Contracts must be interpreted 'to give effect to the parties' intent as expressed by the plain language of the provision,' John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 58 (2d Cir. 2001), and words must be given their reasonable and ordinary meaning.").

Defendants' reliance on decisions limiting the recovery of attorney's fees from parties bringing unsuccessful securities fraud claims is misplaced.  In Zissu v. Bear Stearns & Co., 805 F.2d 75 (2d Cir. 1986), the court held that an indemnity agreement could not be a basis for fee-shifting in a suit under the securities laws where the indemnity agreement did not specify liability for attorney's fees and it contained specific provisions reserving Zissu's rights to bring suit under the securities laws.  Zissu, 805 F.2d at 77.  In Doody v. E.F. Hutton & Co., Inc., 587 F. Supp. 829 (D. Minn. 1984), the Court held that the indemnification provision in the parties' agreement was insufficient to encompass an action asserted under the securities laws because the agreement

---

[2] Defendants do not dispute that the Court previously held that the Corporate Defendant's assertion of claims against Plaintiffs in the Sedona Action contravened the Releases.

[3] Defendants argument that the prevailing party clause only applies to a party that prevails as a plaintiff is rejected as contrary to the Settlement Agreement's plain language.

specified that the plaintiff was not waiving any rights granted under the federal or state securities laws. Doody, 587 F. Supp. at 832. Here, in contrast, the Releases specifically provide notice to the Releasors that they are releasing all claims related to the parties' securities transaction; the Releases do not reserve any rights related to the securities laws; and the Settlement Agreement specifically provides that the prevailing party is entitled to attorney's fees. Accordingly, the Court concludes that Plaintiffs have sufficiently pleaded a claim based on the Settlement Agreement that the Corporate Defendant can be held liable for its attorney's fees in defending the Sedona Action.

*Plaintiffs' Claim Against the Individual Defendants*

The Individual Defendants are parties to the Releases but not to the Settlement Agreement. The Releases do not specify that the Releasors will be liable for the attorney's fees of the Releasees in the event that they wrongfully assert released claims against the Releasees and, accordingly, Plaintiffs must argue that such liability should be inferred. "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise." Hooper, 74 N.Y.2d at 492. Under the circumstances present here, the Court does not draw such an inference.

"[I]t is not difficult for lawyers to insert into an agreement language making clear that the parties intend for the bringing of a lawsuit in breach of the agreement to give rise to liability for attorney's fees." Sauer v. Xerox Corp., 95 F. Supp. 2d 125, 131 (W.D.N.Y. 2000) (citing Artvale, Inc. v. Rugby Fabrics Corp., 363 F.2d 1002, 1008 (2d Cir. 1966)). The parties certainly knew how to include such liability when they intended to do so, as demonstrated by the specific provision for attorney's fees in the concurrently executed Settlement Agreement. The

deliberate exclusion of liability for attorney's fees in the Releases precludes Plaintiffs' argument that the Releases provide a contractual basis for their claim for attorney's fees against the Individual Defendants.

Plaintiffs argue that the Individual Defendants may be bound by the Settlement Agreement even though they are not parties to it, because the Settlement Agreement and the Releases were executed concurrently. However, the fact that two contracts are part of the same transaction and intended to serve the same purpose does not entail that every provision of one contract binds the parties to the other contract, see Rosen v. Mega Bloks Inc., No. 06 Civ. 3473, 2007 WL 1958968, *4-5 (S.D.N.Y. July 6, 2007) (M.J. Gorenstein), and liability will not be extended to the Individual Defendants on this basis.

The Court has considered Plaintiffs' additional arguments regarding the Individual Defendants and finds them without merit. Accordingly, Defendants' motion to dismiss Plaintiffs' complaint is granted with respect to the Individual Defendants. Although Plaintiffs have not requested leave to amend their pleading, the Court concludes that amendment of the Complaint against the Individual Defendants would be futile in light of the plain language of the Releases and the lack of any other contractual basis to render the Individual Defendants liable on this claim. See Foman v. Davis, 371 U.S. 178, 182 (1962).

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is granted in part and denied in part: Plaintiffs' claim against the Individual Defendants (Marco A. Emrich, Laurence L. Osterwise, R. Barry Borden, William K. Williams, Michael A. Mulshine, Jack Pellici,

Robert M. Shapiro, James A. Womble, and James C. Sargent) is dismissed and Plaintiffs' claim against Sedona Corporation survives. This Order resolves docket entry no. 13.

       SO ORDERED.

Dated: New York, New York
      July 16, 2010

                                      LAURA TAYLOR SWAIN
                                      United States District Judge