UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

AMRO INTERNATIONAL, S.A., ROSEWORTH
GROUP, LTD., CAMBOIS FINANCE, INC., RHINO
ADVISORS, INC.,

                    Plaintiffs,

      - against -

SEDONA CORPORATION, MARCO A. EMRICH,
LAURENCE L. OSTERWISE, R. BARRY BORDEN,
WILLIAM K. WILLIAMS, MICHAEL A.
MULSHINE, JACK PELLICCI, ROBERT M.
SHAPIRO, JAMES T. WOMBLE, and JAMES C.
SARGENT,

                    Defendants.

------------------------------------------------------------------ X

Case No. 09 CV 4291 (LTS)

ECF Case

## PLAINTIFFS' STATEMENT OF UNCONTESTED
## MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Caryn G. Schechtman, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020

Edward D. Totino, Esq.
DLA PIPER LLP (US)
1990 Avenue of the Stars, 4th Floor
Los Angeles, California 90067

*Attorneys for Plaintiffs*
*Amro International, S.A.; Roseworth Group,*
*Ltd.; Cambois Finance, Inc.; and Rhino*
*Advisors, Inc.*

Pursuant to Rule 56.1(a) of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiffs Amro International, S.A. ("Amro"); Roseworth Group, Ltd. ("Roseworth"); Cambois Finance, Inc. ("Cambois"); and Rhino Advisors, Inc. ("Rhino" and, collectively, "Plaintiffs"), by and through their counsel, state that there are no genuine issues to be tried with respect to the following facts:

## I. The Parties

1. Plaintiffs in this action are Amro, Roseworth, Cambois and Rhino. (Memorandum Opinion and Order, Docket No. 23 ("Decision") p. 1).

2. Rhino was the investment manager for Amro, Roseworth, and Cambois. (Declaration of Thomas Badian, dated October 7, 2011 ("Badian Decl.") ¶ 1).

3. The Defendant is Sedona Corporation ("Sedona" or "Defendant"). (Decision p. 1).

## II. The Settlement Agreement And Releases

4. In 2000 and 2001, Sedona and Amro, Roseworth and Cambois entered into a series of financing agreements secured by convertible debentures. (Badian Decl. ¶ 2).

5. In response to Sedona's refusal to honor conversion notices submitted by Amro, Amro sued Sedona to enforce Sedona's obligations under the financing agreements. (Badian Decl. ¶ 3).

6. On or about February 14, 2002, Amro and Sedona resolved the litigation and entered into the Settlement Agreement. (Badian Decl. ¶ 4, Ex. A; Answer of Sedona Corporation, Docket No. 32 ("Answer") ¶ 22; Declaration of Gary Jewell, Docket No. 14 ("Jewell Decl.") ¶ 5, Ex. B).

7. At the same time that the parties entered into the Settlement Agreement, they entered into Releases, which provided that Sedona released the Amro Parties from the claims asserted in the Sedona Action. (Badian Decl. ¶ 5, Ex. B; Answer ¶ 22; Jewell Decl. ¶ 6, Ex. C).

8. The Settlement Agreement expressly references the Releases and provides that the Releases were a "material inducement to the willingness of the parties to enter into" the Settlement Agreement. (Badian Decl. ¶ 4, Ex. A § 6; Answer ¶ 22; Jewell Decl. ¶ 5, Ex. B).

9. The Settlement Agreement also attaches the Releases as "Annexes" and explains that the Releases are part of the "entire understanding of the parties with respect to" the settlement. (Badian Decl. ¶ 4, Ex. A §§ 6, 7(h); Jewell Decl. ¶ 5 Ex. B).

10. The Releases provided that Sedona releases and "hold[s] harmless" the Amro Parties:

> Sedona Corporation and its officers and directors ... waive all claims, offsets, and defenses that they may have or have had against [the Amro Parties] and hereby <u>release</u>, forever discharge and <u>agree to hold harmless</u> [the Amro Parties] from and against all actions, causes of action, claims, suits, contracts, controversies, penalties, offsets, or damages, whether in law or equity, and whether known or unknown, that may have occurred prior to the date of this Release, including, but not limited to, those arising in connection with the Convertible Debentures ... <u>and those asserted or that could have been asserted as a claim, counterclaim, offset or defense in, the [original action filed by Amro]</u>.
>
> This RELEASE shall be governed by the laws of the State of New York .... (Badian Decl. ¶ 5, Ex. B (emphasis added); Answer ¶ 22; Jewell Decl. ¶ 6, Ex. C).

11. The Settlement Agreement also provided:

> If either party shall commence <u>a Proceeding to enforce any provisions of this Agreement</u>, then the prevailing party in such Proceeding shall be reimbursed by the other party for its attorneys

2

fees and other costs and expenses incurred with the investigation, preparation and prosecution of such Proceeding. (Badian Decl. ¶ 4, Ex. A § 7(e) (emphasis added); Answer ¶ 22; Jewell Decl. ¶ 5, Ex. B).

12. The Settlement Agreement defines "Proceeding" as:

This Agreement shall be governed by and construed and enforced in accordance with the internal laws of the State of New York, without regard to the principles of conflicts of law thereof. Each party agrees that <u>all legal proceedings concerning the interpretation, enforcement and defense of this Agreement</u> and the transactions contemplated by this Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) (each a "Proceeding") shall be commenced exclusively in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts"). (Badian Decl. ¶ 4, Ex. A § 7(e) (emphasis added); Answer ¶ 22; Jewell Decl. ¶ 5, Ex. B).

### III. The Sedona Action And Dismissal Of The Amro Parties

13. In 2003, following the execution of the Settlement Agreement and Releases, Sedona brought suit against the Amro Parties in the Sedona Action, styled *Sedona Corporation v. Ladenburg Thalman & Co.*, No. 03 Civ. 3120 (LTS) (THK) (S.D.N.Y. 2003) (the "Sedona Action").

14. In an effort to enforce the Settlement Agreement and Releases, the Amro Parties filed a motion to dismiss the first complaint, motion for reconsideration of the Court's denial of their initial motion to dismiss, and a subsequent motion to dismiss Sedona's Second Amended Complaint. (Docket Nos. 57, 67, 216, 276).

15. The Court granted the Amro Parties' motion to dismiss Sedona's Second Amended Complaint. *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120, 2006 WL 2034663, *6 (S.D.N.Y. July 19, 2006).

16. In May 2009, the Court dismissed the Amro Parties from the Sedona Action based upon the Settlement Agreement and Release. *Sedona Corp. v. Ladenburg*

*Thalmann & Co.*, No. 03 Civ. 3120, 2009 WL 1492196, *3 (S.D.N.Y. May 27, 2009).

### III. Sedona's Breach Of Its Obligation To Reimburse The Amro Parties Fees And Costs

17. The Amro Parties incurred legal fees and costs in moving to dismiss and defending the Sedona Action. (Badian Decl. ¶ 9).

18. Sedona was obligated to reimburse the Amro Parties for these legal fees and costs. (Badian Decl. ¶ 4, Ex. A § 7(e); Answer ¶ 22; Jewell Decl. ¶ 5, Ex. B).

19. On May 1, 2009, the Amro Parties commenced this litigation against Sedona and its directors and officers, who executed the Releases. (Complaint, Docket No. 1).

20. Sedona has not reimbursed the Amro Parties for the legal fees and costs incurred in defending the Sedona Action. (Badian Decl. ¶ 9).

21. The Amro Parties have suffered damages because Sedona has not reimbursed the Amro Parties for the legal fees and costs incurred in defending the Sedona Action. (Badian Decl. ¶ 9).

Dated: October 10, 2011  DLA Piper LLP (US)
New York, New York

By: /s/ Edward D. Totino

Caryn G. Schechtman, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500 (telephone)
(212) 335-4501 (facsimile)
caryn.schechtman@dlapiper.com

Edward D. Totino, Esq.
DLA PIPER LLP (US)
1990 Avenue of the Stars, 4th Floor
Los Angeles, California 90067
(310) 595-3025 (telephone)
(310) 595-3325 (facsimile)
edward.totino@dlapiper.com

*Attorneys for Plaintiffs Amro International, S.A.; Roseworth Group Ltd.; Cambois Finance, Inc.; and Rhino Advisors, Inc*